## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DONALD WILLIAMS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **STEPHEN BARASA; AMERICAN** | § | |
| **HONDA MOTOR CO., INC.; and** | § | |
| **HONDA MOTOR CO. LTD.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Donald Williams and hereby files this Original Complaint against Defendants Stephen Barasa ("Defendant Barasa"), American Honda Motor Co., Inc. ("AHM"), and Honda Motor Co. LTD ("HMC") (collectively "Defendants"). In doing so, Plaintiff respectfully shows the Court the following:

### I.
### PARTIES

1.01    Plaintiff Donald Williams is a citizen and resident of Dallas, Dallas County, Texas.

1.02    Defendant Stephen Barasa is a citizen and resident of Auburn, Washington, and may be served with process at 29216 S. 32nd Place, Auburn, Washington 98001, or wherever he may be found.

1.03     Defendant American Honda Motor Co., Inc. is a foreign business corporation that regularly sells products and does business in the State of Texas and is organized and existing under the laws of the State of California, whose principal place of business is 1919 Torrance Blvd.,

Torrance, California 90501-2746. **AHM may be served with process through its registered service agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

1.04    Defendant Honda Motor Co., LTD is a Japanese corporation and citizen which regularly sells products and does business in the State of Texas. HMC may be served with process pursuant to the Hague Convention by serving a copy of Plaintiff's Original Petition and a copy of the Citation on Honda Motor Co., LTD, whose principle place of business is 2-1-1 Minami Aoyama, Minato-ku, Tokyo 107-8556, Japan, **and by serving a copy of Plaintiff's Original Petition and a copy of the Citation on its wholly-owned and controlled alter ego and subsidiary, American Honda Motor, Co., Inc., by and through its registered service agent at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201**.

1.05    American Honda Motor Co., Inc. is the wholly-owned subsidiary of Honda Motor Co., Ltd. and is the alter ego and conduit by which Honda Motor Co., Ltd does business in the United States. These two entities are referred to collectively as "Honda" in this Petition.

## II.
### VENUE AND JURISDICTION

2.01    Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, this court has diversity jurisdiction under 28 U.S.C. 1332.

2.02    The Honda Defendants reside in the Northern District of Texas—Dallas Division, as the term is defined in 28 U.S.C. §1391 (c) (for venue purposes, a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced). Additionally, Venue is proper in the Northern District of Texas—Dallas Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omission giving rise to the claim occurred in Dallas County, Texas, which is within the Northern District Dallas Division.  Plaintiff

would show that the incident made basis of this suit occurred on at the intersection of Montfort Drive and Interstate Highway 635 in Dallas, Dallas County, Texas.

### III.
### FACTUAL BACKGROUND

3.01    On or about May 1, 2022, Plaintiff Donald Williams was the lawfully restrained driver of a 2020 Blue Acura RDX, VIN#: 5J8TC1H72LL012618, (the "Vehicle"). Mr. Williams was traveling North on Montfort Drive near the intersection of Montfort and I-635 service road. Mr. Williams entered the intersection under the protection of a green traffic light. Defendant Barasa was located in the middle straight traffic only lane facing South on Montfort. Defendant Barasa attempted to make a left turn from a straight only lane and without the protection of a left turn signal and struck Plaintiff's vehicle as he traveled through the intersection. The impact from the vehicle unnecessarily caused the airbags to deploy. As a result of the wreck, Plaintiff suffered severe injuries.

### IV.
### NEGLIGENCE AND STRICT LIABILITY AGAINST HONDA

4.01    The Vehicle at issue in this suit was designed, tested, manufactured, constructed, marketed, distributed, sold and/or placed into the stream of commerce by and through the agents and/or representatives of Defendants Honda.

4.02    Defendants Honda were regularly engaged in the business of supplying or placing products, like the Vehicle in question, in the stream of commerce for use by the consuming public, including Plaintiff.  Further, such conduct was solely for commercial purposes.

4.03    The Vehicle in question remained unchanged from the time it was originally manufactured, distributed and sold by Defendants Honda until it reached Plaintiff and ultimately led to his injuries. Stated another way, the Vehicle in question was defective and in an

unreasonably dangerous condition at all times until it ultimately caused the injuries and damages asserted herein.

4.04    At the time the Vehicle was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable that the Vehicle would be used by persons such as Plaintiff in the manner and application in which it was being used at the time Plaintiff suffered his injuries.

4.05    There were no mandatory safety standards or regulations adopted and promulgated by the federal government or an agency of the federal government that were applicable to the Vehicle at the time of manufacture and that governed the product risk that allegedly caused harm. Alternatively, the design of the Vehicle did not comply with mandatory safety standards or regulations adopted by the federal government that were applicable to the vehicle model at the time of the manufacture and governed the risks that caused Plaintiff's injuries.  Again, in the alternative, in the event that such standards were in effect, and they were complied with, they were nonetheless inadequate to protect the public from unreasonable risks of injury or danger, or the manufacturer, before or after marketing the Vehicle, withheld or misrepresented the information or material irrelevant to the federal governments or agencies determination of adequacy of the safety standards or regulations at issue in the action.

4.06    With respect to the design of the Vehicle, at the time it left the control of Defendants Honda, there were safer alternative designs.  Specifically, there were alternative designs that, in reasonably probability, would have prevented or significantly reduced the risk of injury to Plaintiff. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of Defendants Honda by the application of existing or reasonably achievable scientific knowledge.

4.07    At the time the Vehicle left the control of Defendants Honda, it was defective and unreasonably dangerous in that it was not adequately designed, manufactured or marketed to minimize the risk of injury. By way of example and without limitation, the product in question was unreasonably and dangerously defective in the following ways:

a.    the airbag system was defectively designed because it should not have deployed;

b.    the airbag system was defectively designed because it should not have deployed with enough force to injure Plaintiff's eye;

c.    the airbag system was defectively designed because it failed to protect a driver/passenger, such as Plaintiff is a reasonably foreseeable accident;

d.    the interior padding was defectively designed, manufactured or marketed because it failed to reasonably minimize Plaintiff's injuries; and

e.    the warnings and instructions for the Vehicle were inadequate.

4.08    The above unreasonably dangerous defects in the Vehicle in question were the proximate and producing cause of Plaintiff's injuries and damages.

4.09    Defendants Honda breached its duty of care and was thus negligent by:

a.    designing and distributing the Acura RDX model with a design standard that was intended to meet the minimum government regulations, instead of safely designing the vehicle to reasonably minimize injuries in foreseeable accidents;

b.    failing to adequately monitor the performance of Honda's Acura vehicles in the field to ensure that they were reasonably minimizing injuries in foreseeable accidents;

c.    failing to adequately test the Acura RDX model to ensure that it would be reasonably safe in foreseeable accidents;

d.    failing to adequately test the airbag system for the Acura RDX model to ensure that it would be reasonably safe in foreseeable accidents;

e.    failing to design the airbag system to protect occupants such as Plaintiff in foreseeable accidents;

f.    failing to design the airbag system in compliance with Federal Motor Vehicle Safety Standards;

g.    failing to provide adequate warnings and instructions with the Acura RDX;

h.    failing to provide adequate post-sale warnings, recalls or retrofits after Defendants Honda knew, or should have known, that the Acura RDX model was defective and unreasonably dangerous;

i.    failing to recall, retrofit, or issue post-sale warnings after Honda knew, or should have known, that the Acura RDX model was defective and unreasonably dangerous.

4.10    The above negligent acts and/or omissions were a proximate and producing cause of the injuries and damages alleged by Plaintiff, herein.

## V.
### NEGLIGENCE AGAINST DEFENDANT BARASA

5.01.    Plaintiff would show that at the time of the incident in question and immediately prior thereto, Barasa through negligent acts and/or omissions, caused injury and damage to the Plaintiff. One or more of the following acts or omissions of Barasa constitutes negligence and/or negligence *per se* and was a proximate cause of the incident made the basis of this lawsuit:

a.    Barasa failed to maintain a proper lookout for the safety of the Plaintiff and of others, contrary to what a reasonably prudent person would have done under the same or similar circumstances;

b.    Barasa failed to turn his vehicle to the left or to the right in an attempt to avoid the collision that is the subject of this lawsuit, contrary to what a reasonably prudent person would have done under the same or similar circumstances;

c.    Barasa failed to yield the right-of-way to Plaintiff, contrary to what a reasonably prudent person would have done under the same or similar circumstances, by attempting to occupy the space occupied by Plaintiff in violation of Texas Transportation Safety Code §545.152;

e.    Barasa failed to control the speed of his vehicle, contrary to what a reasonably prudent person would have done under the same or similar circumstances, in violation of §545.351 of the Texas Transportation Code;

f.    Barasa failed to utilize the designated left turn lane in violation of Texas Transportation Code §545.101; and

g.      Barasa failed to safely turn his vehicle in violation of Texas Transportation Code §545.151, contrary to what a reasonably prudent person would have done under the same or similar circumstances.

5.02.    Each of the aforementioned acts and omissions of Barasa constitute negligence and/or negligence *per se* and are a proximate cause of the Plaintiff's injuries and damages for which this lawsuit is brought.

## VI.
### DAMAGES

6.01     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages.  Pursuant to TRCP 47, seeks monetary relief in excess of $1,000,000.00. The elements of damages suffered by Plaintiff include, but are not necessarily limited to:

a.      Past and future physical pain;

b.      Past and future medical care and treatment;

c.      Past and future mental anguish;

d.      Impairment;

e.      Disfigurement;

f.      Lost wages and loss wage earning capacity; and

g.      Costs of court.

## VII.
### EXEMPLARY DAMAGES AGAINST HONDA DEFENDANTS

7.01     Plaintiff alleges that each and every negligent act or omission of Honda and its agents, as set forth above, when viewed objectively from the standpoint of policymakers, involved an extreme degree of risk, considering the probability and magnitude of the physical harm to others and that Honda had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff and others like him, and therefore, such conduct amounts to gross negligence or malice, as those terms are defined by law,

so as to give rise to an award of exemplary or punitive damages, for which Plaintiff now pleads against Honda. Additionally, by reason of such conduct, Plaintiff is entitled to, and therefore assert, a claim for punitive and exemplary damages in an amount sufficient to punish and deter Honda, and others like it, from such conduct in the future.

## VIII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.01    Plaintiff claims prejudgment and post-judgment interest at the maximum rate allowed by law.

## IX.
### JURY DEMAND

9.01    Plaintiff respectfully requests the Court impanel a jury to decide all fact issues in this case.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer this Petition and that upon final hearing, Plaintiff recover judgment against Defendants for his damages as they appear at trial hereof together with costs of court, prejudgment and post-judgment interest, and for such general and equitable relief as Plaintiff may be entitled.

Respectfully Submitted,

*/s/ James L. Mitchell*
**JAMES L. MITCHELL**
State Bar No. 14214300
Jim@PayneMitchell.com
**ANDREW S. BULLARD**
State Bar No. 24104622
abullard@paynemitchell.com
**PAYNE MITCHELL RAMSEY**
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214/252-1888 Telephone
214/252-1889 Facsimile

ATTORNEYS FOR PLAINTIFF